**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Anthony Alexander Galasso, | CV 12-255-TUC-DCB (JR) |
| Petitioner, | |
| vs. | |
| Craig Apker, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

Pending before the Court is Petitioner Anthony Alexander Galasso's Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice because Galasso has abandoned this action after his release from prison.

**I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

In the Petition, Galasso raises three claims related to disciplinary action taken against him while he was incarcerated in the Federal Detention Center in Tucson,

1

Arizona.  He claims prison officials violated his rights to due process when they failed to follow Bureau of Prisons' policy and federal law during disciplinary proceedings initiated against him for making and possessing intoxicants after corrections officers discovered a pant leg that had been altered for use as a container for production of alcohol.  *Petition*, pp. 4-6.

By Order dated April 11, 2012 (Doc. 4), the District Court warned Petitioner that he must "file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure," and that "[f]ailure to comply may result in dismissal of this action."   The docket reflects that the Court's last order (Doc. 10) was returned as undeliverable with a notation that Petitioner was no longer at the address reflected in the Court's docket.  The Court therefore issued an Order on January 16, 2013, requiring Petitioner to submit notice of his current address within 15 days and reiterated that the failure to do so could result in the dismissal of this action (Doc. 12).  That order was also returned as undeliverable.

Not having any information about the Petitioner's whereabouts, on February 8, 2013, the Court conducted an inmate search on both the Arizona state and Federal prison websites.  No information was discovered on the State website.  However, the Federal Bureau of Prisons site reflects that Galasso, register number 04886-015, was released on January 18, 2013.   *Bureau of Prisons-Inmate Locator*, http://bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=04886-015&x=84&y=14 (last visited February 8, 2013).

1

## II.    DISCUSSION

### A.    Failure to Prosecute

"The authority of a court to dismiss sua sponte for lack of prosecution had generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).   "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.  Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id*. at 633.

Factors relevant to a determination of whether the court abuses it discretion in dismissing for lack of prosecution include the plaintiff's lack of diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party causing the delay.  *Hamilton v. Neptune Orient Lines, Ltd*., 811 F.2d 498, 499 (9th Cir. 1987).

Here, the Court provided Galasso notice of his obligation to file a notice of change of address and another order specifically ordering him to do so or risk the dismissal of this action.  Despite these notices, Galasso has failed to notify the Court of his current address.   Under the circumstances, the Court does not have an

1  affirmative obligation to locate Galasso.  "A party, not the district court, bears the

2  burden of keeping the court apprised of any changes in his mailing address."  *Carey*

3  *v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Galasso's failure to provide his current

4  address constitutes a failure to prosecute.

5         As Galasso has failed to prosecute this action, it is within the discretion of the

6  Court to dismiss this action.  *Link*, 370 U.S. at 630-31.  It appears that Galasso

7  abandoned the case upon his release from custody.  He has had ample time and notice

8  to provide the Court with a notice of a change of address.  Because he has failed to

9  do so, less onerous sanctions would be ineffective.

10  **III.    RECOMMENDATION**

11        Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the

12  District Court, after its independent review, **deny and dismiss** Galasso's Petition for

13  Writ of Habeas Corpus (Doc. 1).

14        This Recommendation is not an order that is immediately appealable to the

15  Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1),

16  Federal Rules of Appellate Procedure, should not be filed until entry of the District

17  Court's judgment.

18        However, the parties shall have fourteen (14) days from the date of service of

19  a copy of this recommendation within which to file specific written objections with

20  the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the

21  Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen (14) days

22  within which to file a response to the objections.  If any objections are filed, this

1   action should be designated case number: **CV 12-255-TUC-DCB**.  Failure to timely

2   file objections to any factual or legal determination of the Magistrate Judge may be

3   considered a waiver of a party's right to *de novo* consideration of the issues.  *See*

4   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

5        Dated this 8th day of February, 2013.

6

7

8

9                                        Jacqueline M. Rateau
                                         United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22